# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return | 832-985-9652 |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | | **CASE NO.**<br>22-000576-NI<br>Hon. Qiana Denise Lillard |

Court address : 2 Woodward Ave., Detroit MI 48226   Court telephone no.: 313-224-2240

**Plaintiff's name(s), address(es), and telephone no(s).**
Harris-Jones, Lesha

**Defendant's name(s), address(es), and telephone no(s).**
God Destination LLC
358 Lollypop
A.T

Received 1-18-22 Time 12:10
Process Server: Gmail
PSC# 010498
EXP# 10/31/22
Delivered 1/18/22 Time 5:45

**Plaintiff's attorney, bar no., address, and telephone no.**
Joshua Bert Farr 74107
24901 Northwestern Hwy Ste 700
Southfield, MI 48075-2210

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/18/2022 | Expiration date*<br>4/19/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)   SUMMONS   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Case No.: 22-000576-NI

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | | Signature |
|---|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                         Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                    Day, date, time

on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LESHA HARRIS-JONES,

    Plaintiff,

v.

ANTONIO ERNESTO ACOSTA LIMAS,
GOD DESTINATION LLC
and PROGRESSIVE MARATHON
INSURANCE COMPANY,

    Defendants.

Case No: 22    NI

Hon.

_____/

Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Joshua B. Farr P-74107
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
jfarr@855mikewins.com
mdebski@855mikewins.com
_____/

## COMPLAINT

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in the Wayne County Circuit Court, where it was given docket number 21-007994-NF, and was assigned to Hon. Qiana Denise Lillard P-64230. The action remains pending.

/s/ Joshua B. Farr

Marc J. Mendelson P-52798
Eric M. Simpson P-57232
Joshua B. Farr P-74107

NOW COMES Plaintiff, Lesha Harris-Jones, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendants, Antonio Ernesto Acosta Limas, God Destination LLC and Progressive Marathon Insurance Company, states as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Lesha Harris-Jones, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, Antonio Ernesto Acosta Limas, upon information and belief, is a resident of the City of Abilene, County of Taylor, State of Texas.

3. Defendant, God Destination LLC, is a Texas limited liability company, doing business pursuant to the laws of the State of Michigan, and this Defendant conducts business in the County of Wayne, State of Michigan.

4. Defendant, Progressive Marathon Insurance Company, is an insurance company, licensed to write insurance and conduct business in the State of Michigan, and this Defendant conducts business in Wayne County, Michigan.

5. The amount in controversy exceeds $25,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

## COUNT I
### NEGLIGENCE CLAIM AS TO DEFENDANT, ANTONIO ERNESTO ACOSTA LIMAS

6. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 5 of this Complaint as if more specifically set forth herein word for word, paragraph for paragraph.

7. On or about April 13, 2021, Plaintiff, Lesha Harris-Jones, was the operator of a 2012 Chevrolet motor vehicle, bearing Michigan license plate number DRA6854, which motor vehicle was being driven in a careful and prudent manner on westbound Grand River Avenue,

at or near the intersection of Telegraph Road, in the City of Detroit, County of Wayne, State of Michigan.

8. At the aforementioned place and time, Defendant, Antonio Ernesto Acosta Limas, was the operator of a 1987 Peterbilt motor vehicle, bearing Texas license plate number R362127, which motor vehicle said Defendant was driving in a careless, reckless and negligent manner on northbound Telegraph Road, at or near the intersection of Grand River Avenue, in the City of Detroit, County of Wayne, State of Michigan, when said Defendant did disregard a red traffic signal and did strike Plaintiff's vehicle, causing serious and permanent injuries to Plaintiff, Lesha Harris-Jones, as hereinafter alleged.

9. On the aforementioned day and date, Defendant, Antonio Ernesto Acosta Limas, owed a duty to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit.

10. Contrary to the duties owed to Plaintiff, Defendant, Antonio Ernesto Acosta Limas, was negligent, careless and reckless in several respects, including the following:

    (a) Failing to operate the motor vehicle with due care and caution in violation of MCL 257.627;

    (b) Driving the vehicle carelessly and heedlessly with willful and wanton disregard for the safety and rights of others, MCL 257.626;

    (c) Failing to keep the motor vehicle constantly under control;

    (d) Failing to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626(b);

    (e) Failing to attempt to stop the vehicle when Defendant knew or

3

should have known that failure to do so would naturally and probably result in injury to Plaintiff;

(f) Failing to observe the roadway in front of Defendant's vehicle when Defendant knew, or should have known, that failure to observe Plaintiff's oncoming vehicle would endanger the life or property of other persons using the roadway;

(g) Failing to yield to all approaching vehicles, MCL 257.649;

(h) Failing to exercise reasonable and ordinary care to keep sharp lookout so as to avoid striking Plaintiff's vehicle, in violation of MCL 257.401;

(i) Failing to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(l);

(j) Failing to make timely use of the braking system with which said vehicle is equipped;

(k) Failing to give audible warning of said motor vehicle when reasonably necessary to ensure its safe operation in violation of MCL 257.706;

(l) Operating said motor vehicle in excess of the posted limit in violation of MCL 257.628;

(m) Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627;

(n) Failing to stop for a steady red traffic light before entering an intersection in violation of MCL 257.612; and,

(o) Performing other acts of negligence not yet known to Plaintiff but will be ascertained during the discovery of said litigation.

11. That as a result of said collision, Plaintiff, Lesha Harris-Jones, did suffer, and will continue to experience for an indefinite time into the future, severe and excruciating pain and suffering, humiliation and embarrassment, loss of earnings, and loss of her natural

4

enjoyments of life, due to her injuries which include but are not limited to: *traumatic injuries to her head including a concussion, and traumatic injuries to her neck, back, right shoulder, left arm, left leg, right hand and right thumb,* among others, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement. Plaintiff suffered a serious impairment of body function. Plaintiff's impairment is objectively manifested; is an impairment of an important body function; and it affects Plaintiff's general ability to lead her normal life.

12. That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the negligence of Defendant exacerbated, precipitated and aggravated any such pre-existing conditions.

13. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Lesha Harris-Jones, respectfully requests that judgment be entered in her favor against Defendant, Antonio Ernesto Acosta Limas, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT II
### NEGLIGENCE, OWNER'S LIABILITY and VICARIOUS LIABILITY CLAIM AS TO DEFENDANT, GOD DESTINATION LLC

14. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 13 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

15. On the aforementioned date and time, Defendant, God Destination LLC, was the owner of the 1987 Peterbilt motor vehicle involved in the subject incident, and knowingly, willingly and negligently allowed same to be driven, operated, managed and/or controlled by Defendant, Antonio Ernesto Acosta Limas, when Defendant, God Destination LLC, knew or should have known that he would not be able to control said vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law and the Ordinances for the City of Detroit, in direct disregard for the safety of Plaintiff, Lesha Harris-Jones.

16. Defendant, Antonio Ernesto Acosta Limas, was acting with the expressed and/or implied consent of Defendant, God Destination LLC.

17. Defendant, God Destination LLC, is liable under the Owner's Liability Statute, MCL 257.401 et seq, for the negligence of Defendant, Antonio Ernesto Acosta Limas.

18. On April 13, 2021, upon information and belief, Defendant, Antonio Ernesto Acosta Limas, was acting within the course and scope of his employment with Defendant, God Destination LLC, when he negligently struck Plaintiff's vehicle while driving the 1987 Peterbilt motor vehicle.

6

19. Based upon information and belief, Defendant, God Destination LLC, is vicariously liable under the doctrine of respondeat superior for the acts or omissions of Defendant, Antonio Ernesto Acosta Limas, in that it employed the negligent driver, Defendant, Antonio Ernesto Acosta Limas, and therefore, is responsible for all injuries arising from his negligence occurring within the course and scope of his employment.

20. Plaintiff's damages include excess economic loss damages, including wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums, pursuant to MCL 500.3135(3)(c). Plaintiff also claims excess medical expenses above and beyond personal injury protection (PIP) medical benefits applicable to Plaintiff for the subject accident.

WHEREFORE, Plaintiff, Lesha Harris-Jones, respectfully requests that judgment be entered in her favor against Defendants, Antonio Ernesto Acosta Limas and God Destination LLC, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

## COUNT III
### NEGLIGENT HIRING, RETENTION and SUPERVISION AS TO DEFENDANT, GOD DESTINATION LLC

21. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 20 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

22. On April 13, 2021, Defendant, Antonio Ernesto Acosta Limas, was employed by Defendant, God Destination LLC.

23. Defendant, God Destination LLC, is responsible for those negligent acts

7

performed within the scope of Defendant, Antonio Ernesto Acosta Limas's, employment.

24. Defendant, God Destination LLC, hired Defendant, Antonio Ernesto Acosta Limas.

25. Defendant, God Destination LLC, had a duty to investigate Defendant, Antonio Ernesto Acosta Limas, Defendant Antonio Ernesto Acosta Limas's driving record and Defendant Antonio Ernesto Acosta Limas's driving ability.

26. Defendant, God Destination LLC, failed to properly investigate Defendant, Antonio Ernesto Acosta Limas, Defendant Antonio Ernesto Acosta Limas's driving record and Defendant Antonio Ernesto Acosta Limas's driving ability and made insufficient efforts to investigate whether or not Defendant, Antonio Ernesto Acosta Limas, was a safe, fit and competent driver.

27. Defendant, God Destination LLC, knew, had reason to know or should have known, that Defendant, Antonio Ernesto Acosta Limas, had a record and/or was a dangerous, reckless and incompetent driver, and that he would be likely to use the vehicle provided in an unsafe manner involving unreasonable risk of physical harm.

28. Defendant, God Destination LLC, knew or had reason to know or should have known that by hiring Defendant, Antonio Ernesto Acosta Limas, his use of a motor vehicle could involve the risk of physical harm to others. The acts and omissions of Defendant, God Destination LLC and/or Defendant, Antonio Ernesto Acosta Limas, caused Plaintiff's injuries.

29. Defendant, God Destination LLC, failed to supervise or otherwise monitor, train, educate or discipline Defendant, Antonio Ernesto Acosta Limas, with respect to unsafe operation of motor vehicles and failed to otherwise instill in him a sense of personal and

professional responsibility and safety consciousness.

30.  The negligence of Defendant, God Destination LLC, in hiring and/or retaining and/or supervising Defendant, Antonio Ernesto Acosta Limas, was a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, Lesha Harris-Jones, respectfully requests that judgment be entered in her favor against Defendant, God Destination LLC, and Defendant, Antonio Ernesto Acosta Limas, for whatever amount in excess of $25,000.00 she is found to be entitled, as determined by the trier of fact, to fairly, adequately and fully compensate Plaintiff for her injuries and damages, together with interest, costs and reasonable attorney fees so wrongfully sustained.

**COUNT IV**
**UNDERINSURED MOTORIST CLAIM AS TO DEFENDANT,**
**PROGRESSIVE MARATHON INSURANCE COMPANY**

31.  Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 30 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

32.  Prior to and including April 13, 2021, Plaintiff was insured with Defendant, Progressive Marathon Insurance Company, under the provisions of an automobile insurance policy issued by Defendant that was then in effect in accordance with the provisions of the No-Fault Insurance Act, MCL 500.3101 et seq., which policy of insurance provided underinsured motorist coverage which was in effect on April 13, 2021.

33.  If the negligent tortfeasors, Antonio Ernesto Acosta Limas and God Destination LLC, have underlying bodily injury coverage, it will be insufficient to compensate Plaintiff for

her injuries which would then obligate this Defendant to pay underinsurance coverage to Plaintiff, Lesha Harris-Jones, for her April 13, 2021 motor vehicle collision and injuries.

34. A claim for underinsured motorist benefits has been made in a timely fashion to Defendant, Progressive Marathon Insurance Company.

35. Defendant, Progressive Marathon Insurance Company, becomes liable for payment of underinsurance upon the negligent tortfeasors' proffering of their entire underlying bodily injury coverage.

36. Defendant has wrongfully denied and/or failed to pay underinsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

37. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 *et seq.*, and *Nickola v MIC Gen'l Ins. Co.*, 500 Mich. 115, 894 NW2d 552, 560 (2017).

38. Plaintiff, Lesha Harris-Jones, has suffered injuries in excess of the underlying bodily injury limits, if any, and Defendant is a proper party to this litigation for purposes of discovery, case evaluation and trial.

WHEREFORE, Plaintiff, Lesha Harris-Jones, requests a judgment against Defendant, Progressive Marathon Insurance Company, in an amount which the Court or jury determines to be fair, just and adequate compensation for damages, together with court costs, interest and attorney fees.

44. Plaintiff re-alleges all prior paragraphs and injuries relating to this motor vehicle accident.

45. Defendant has wrongfully denied and/or failed to pay uninsured motorist benefits to Plaintiff in their entirety and/or in a timely manner.

46. Defendant, Progressive Marathon Insurance Company, has refused to pay Plaintiff uninsured motorist benefits in the amount as provided under the terms of the insurance policy.

47. Because Defendant has possessed satisfactory proof of Plaintiff's losses for greater than 60 days and has improperly failed to pay this contractual benefit, then Defendant owes 12% penalty interest, per annum, pursuant to the Uniform Trade Practices Act, MCL 500.2001 et seq., and Nickola v MIC Gen'l Ins. Co., 500 Mich. 115, 894 NW2d 552, 560 (2017).

48. That if Defendant has an arbitration clause in their contract, then Plaintiff has demanded arbitration to which Defendant has wrongfully refused. Plaintiff asks this Court to order this matter into binding arbitration.

WHEREFORE, Plaintiff, Lesha Harris-Jones, respectfully requests a judgment against Defendant, Progressive Marathon Insurance Company, in an amount which the Court or jury determines to be fair, just and adequate compensation for damages, together with court costs, interest and attorney fees.

                                      Respectfully submitted,

                                      MIKE MORSE LAW FIRM
                                      Attorneys for Plaintiff

                                      /s/ Joshua B. Farr

                                      Marc J. Mendelson P-52798
                                      Eric M. Simpson P-57232
                                      Joshua B. Farr P-74107
                                      24901 Northwestern Highway, Suite 700
                                      Southfield, Michigan 48075
                                      (248) 350-9050

Dated:  January 18, 2022

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LESHA HARRIS-JONES,

   Plaintiff,

v.

ANTONIO ERNESTO ACOSTA LIMAS,
GOD DESTINATION LLC
and PROGRESSIVE MARATHON
INSURANCE COMPANY,

   Defendants.

Case No: 22   NI

Hon.

_____/

**Marc J. Mendelson P-52798**
**Eric M. Simpson P-57232**
**Joshua B. Farr P-74107**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
(248) 350-9050
jfarr@855mikewins.com
mdebski@855mikewins.com
_____/

## JURY DEMAND

  Plaintiff, Lesha Harris-Jones, by and through her attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

          Respectfully submitted,

          MIKE MORSE LAW FIRM
          Attorneys for Plaintiff

          /s/ Joshua B. Farr

          Marc J. Mendelson P-52798
          Eric M. Simpson P-57232
          Joshua B. Farr P-74107
          24901 Northwestern Highway, Suite 700
          Southfield, Michigan 48075
          (248) 350-9050

Dated: January 18, 2022